**MADERO et al. v. CALZADO.  (No. 7492.) \***

(Court of Civil Appeals of Texas. San Antonio. Feb. 3, 1926. Rehearing Denied March 3, 1926.)

**I. Parties ⊂⇒75(7) — Petition including, as parties defendant, deceased person, and heirs not shown to be liable, and alleging widow acquired property under laws of Mexico, held demurrable.**

In action against nonresidents cited by publication, petition, including as parties defendant one who was affirmatively alleged to have been dead for 11 years and his widow, and alleging that she promised to pay husband's debt and that she acquired his property under laws of Mexico, and including unknown heirs as defendants without showing them liable, held demurrable.

**2. Appeal and error ⊂⇒672—Failure to make allegations showing no administration of estate, nor necessity therefor, held fundamental defect in suit against heirs on debt against estate.**

In suit against heirs on debt against estate, failure to make allegations showing no administration of estate or necessity therefor, or showing that estate was excluded from operation of statutes relative to administration, held fundamental defect.

**3. Frauds, statute of ⊂⇒14.**

Agreement of wife to pay debt of her husband must be in writing.

**4. Appeal and error ⊂⇒672.**

Failure to allege that wife's promise to pay husband's debt was in writing held fundamental defect.

**5. Appeal and error ⊂⇒672—Failure to allege that promise sued on was not barred by statute of limitations held fundamental defect.**

In suit against wife for debt of husband, which she had promised to pay, failure to allege that promise was made within period excluded by statute of limitations held fundamental defect.

**6. Pleading ⊂⇒228.**

Defects in pleadings caused by failure to show authority for suit, and that statute of frauds and limitations did not apply, can be reached by special exceptions.

**7. Appeal and error ⊂⇒1165—In action against absent nonresident, who was served by publication, where attorney appointed to defend him failed to object to improper evidence, judgment for plaintiff would be reversed (Rev. St. 1911, art. 3690).**

In action against nonresident, who did not appear following service by publication, where attorney appointed to defend him did not object

──────────

to evidence in contravention of Rev. St. 1911, art. 3690, relative to transaction with decedent, and evidence in contravention of statute of frauds and statute of limitations, judgment for plaintiff will be reversed.

**8. Attorney and client ☞23 — Attorney appointed for absent nonresident should diligently defend his rights.**

It is duty of attorney appointed to defend absent nonresident, served by publication, to defend rights of involuntary client with same vigor that he would employ in defense of clients who had expressly employed him for such purpose.

**9. Attorney and client ☞23—It is duty of court to protect rights of absent nonresident served by publication, when attorney appointed for that purpose fails to do so.**

Where attorney, who was appointed to defend absent nonresident, served by publication, failed to perform his duty, it became duty of court to take initiative and interpose his authority to enforce orderly and legal procedure and protect absent parties from infractions of rules of pleading or evidence.

**10. Witnesses ☞159(8)—Testimony that deceased owed money to witness, and relating to contract between them, inadmissible: "transactions" (Rev. St. 1911, art. 3690).**

Testimony that deceased person owed money to witness, and relating to contract between them, *held* inadmissible under Rev. St. 1911, art. 3690, which prohibits interested person from giving testimony concerning transactions with decedents; "transactions" including every method by which one person can derive impressions and information from conduct, condition, or language of another.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transaction.]

Error from District Court, Bexar County; Robert W. B. Terrell, Judge.

Action by Eusebio Calzado against Gustavo A. Madero and others. Judgment for the plaintiff, and defendants bring error. Reversed and remanded.

See, also, 274 S. W. 657.

Hicks, Hicks, Dickson & Bobbitt and Yale Hicks, all of San Antonio, for plaintiffs in error.

Wm. C. Church and Douglas N. Lawley, both of San Antonio, for defendant in error.

SMITH, J. This action was brought by Eusebio Calzado against Gustavo A. Madero, deceased, his widow, Carolina Villareal de Madero, and their heirs, to recover a balance of $12,409.76½ in American money, alleged to be due Calzado for advances made by him to Madero prior to the latter's death in January, 1913. The allegations in the petition of the plaintiff below did not disclose whether Madero died testate or intestate, and

while it was alleged that the defendants were "nonresidents of the state of Texas, that they are absent from the state, and that their residence is unknown to this plaintiff," there were no allegations showing the situs of the estate of the decedent, nor that there had or had not been any administration of the estate, nor any necessity therefor. It was simply alleged that Madero was dead, and that under the laws of Mexico his wife, Carolina Villareal de Madero, had "inherited and acquired" all of her deceased husband's estate, subject to the debts thereof, and that after her husband's death she agreed to pay the debt sued upon. The suit was instituted, more than 11 years after the debt was alleged to have accrued, against the deceased Madero and his wife, and their heirs, alleged to be unknown. All of the defendants were cited by publication, none of them appeared or answered, but all of them were represented upon the trial by an attorney appointed by the court for that purpose, as provided in article 1941, R. S. 1911. In the meantime a writ of garnishment was issued and served upon the Mexico-Texas Petroline & Asphalt Company, alleged to be a Texas corporation, whose answer in garnishment disclosed that 3,350 shares of its corporate stock were outstanding in the name of Gustavo A. Madero.

Upon trial the court below rendered judgment in favor of Calzado against all the defendants, jointly and severally, for $12,409.-76½; with interest from January 7, 1913, or a total amount of $20,600.21, and foreclosing the garnishment lien against the impounded corporate stock, but restricting the personal judgment against the defendants to the proceeds from the sale of that stock. This judgment was rendered on January 8, 1925, and on the 8th of June thereafter the defendants, through counsel of their own selection, filed application for writ of error, and in this way the judgment has been brought to this court for review.

[1-7] The foundation of the judgment appealed from is too precarious, and its weaknesses and defects too obvious, to escape the notice of the most casual observer. The parties against whom the judgment was rendered were cited by publication only; they were not personally served, and presumably had no notice or knowledge of the pendency of the suit, which was not instituted until 11½ years after the alleged cause of action accrued. The action was brought against the alleged original obligor, and judgment was sought against him personally, in the face of the plaintiff's knowledge and affirmative allegation that he had been dead for more than 11 years; against the surviving wife of the debtor upon the bare allegation that she "did likewise," after her husband's death, "promise to pay" her husband's debt, and that "under the laws of Mexico" she had

"inherited and acquired" all the property and estate of her deceased husband, subject to the debts of the estate; and against the unknown heirs of the deceased debtor, upon no allegation which even purported to show they were liable for the debt, but in the face of allegations conclusively negativing such liability. There were no allegations that the estate of the deceased was so situated as to exclude it from the operation of the statutes of this state with reference to administration, nor any allegations affirmatively showing no administration of the estate, nor necessity therefor, which showing was necessary to authorize a suit against the heirs upon a debt against the estate; there were no allegations showing that the alleged agreement by Mrs. Madero to pay the debt of her husband was made in writing, which showing was necessary to exclude the case against her from the operation of the statute of frauds; nor that the promise was made within a period not excluded by the statute of limitations. These defects in the pleadings were fundamental; they were vital and fatal, and no less glaring. Each of these defects could easily have been reached by special exceptions, and the whole petition by general demurrer. But the attorney appointed by the court to represent the absent defendants filed only a general demurrer, which was not presented to or acted upon by the trial court, and a general denial.

The evidence offered under these pleadings would have been equally ineffectual in the face of appropriate objections. The only evidence offered to establish the creation and nonpayment of the debt sued on was in flagrant and obvious contravention of article 3690, R. S. 1911, prohibiting testimony of a survivor of a transaction with a decedent, when offered against the latter's estate; the only evidence offered to fix liability upon the widow of the deceased debtor was in equally flagrant and obvious contravention of the statute of frauds, which provides that no person shall be required to answer for the debt or default of another unless the promise therefor shall be in writing; there was no evidence of any fact which would relieve the action, as against any of the parties, from the apparent bar of limitation; nor was there evidence of any character which even tended to fix liability upon the Madero children for the debt of their deceased father. None of the evidence, however, was objected to by counsel appointed by the court to represent the absent defendants; all of it, in spite of its obvious inadmissibility, was received, considered, and given full effect by the trial court, and judgment for the full amount of the alleged debt with 12 years' interest was rendered against all of the defendants, jointly and severally, although restricted in its operation to the amount of the garnished funds.

We have reached the conclusion that a judgment obtained under such procedure against absent defendants, who were cited by publication only, who presumably had no actual notice of the suit against them, who had not answered or otherwise in any manner appeared, ought not to be permitted to stand, but should be set aside, and a new trial granted in order to give the defendants an opportunity to have their rights adjudicated in accordance with established rules of practice and procedure.

[8] The statute requiring the appointment of an attorney to represent defendants cited by publication was enacted for the benefit of such defendants, in order that their legal rights may be protected against snap judgments, and that in the trial of such cases they may have the benefit of every defense, objection, and exception which would be available to them if personally present or if represented by counsel of their own selection. Such purpose was undoubtedly in the mind of the Legislature in enacting the statute, and such is the spirit, if not the letter, of the act. The duty of an attorney appointed in such cases is not merely perfunctory in its nature, notwithstanding the probable fact that it has grown to be a custom to thus lightly treat that office. For it is the duty of such attorney to defend the rights of his involuntary client with the same vigor and astuteness he would employ in the defense of clients who had expressly employed him for such purpose. In suits of this character, nothing can be admitted against the interest of the absent defendant, and the one chosen to represent that interest in a case stands in court to insist that no pleading shall go unchallenged, no step shall be taken, no act done, no evidence produced, which shall in any manner be legitimately the subject of an objection or exception.

[9] Such being the spirit and intent of the statute, and it being the duty of the trial court under that statute to appoint the attorney to represent the absent defendants, we conclude by the same token that when the appointed attorney hesitates or fails to perform his duty in the manner contemplated by the statute, it becomes the further duty of the trial judge to take the initiative and interpose his own authority to enforce orderly and legal procedure, and protect the absent parties from gross infractions of the rules of pleading or evidence. We will apply this principle to one phase of the case made here, deeming such application sufficient for this decision.

[10] As has been shown, the judgment against the absent defendants rests alone upon the testimony of defendant in error concerning transactions with Gustavo A. Madero, now deceased. This witness testified that, "at the special instance and request of the defendant Gustavo A. Madero," he expended certain sums and advanced other amounts for and in Madero's behalf; that

Madero "agreed and promised to pay all those amounts to me"; that he did repay a part of those amounts, "leaving a balance due" the witness in the principal sum sued for, no part of which "has been paid to me; it is still due and payable." This testimony was in direct contravention of the provisions of article 3690, which prohibits an interested person from giving testimony concerning transactions with decedents, which "transactions" include every method by which one person can derive impressions or information from the conduct, condition, or language of another. Holland v. Nimitz, 232 S. W. 299, 239 S. W. 185, 111 Tex. 419, and authorities there cited.

The attorney appointed by the court to defend the absent defendants made no objection and saved no exception to the admission of this testimony. Obviously, he should have made this objection, in which event it is equally obvious that the court would have excluded the evidence, but, in the absence of objection, did not do so. We think, then, that in this situation the trial judge should have excluded it upon his own motion, in deference to the plain inhibition of the statute against such evidence, and in obedience to the spirit and intent of article 1941. Article 3690 was enacted more than half a century ago, in perpetuation of a rule which has been in force so long that it has become the settled policy of the law of the state, and we conclude that evidence admitted in direct contravention of the statute and of that policy, and standing alone without support from any other testimony, should not be given effect against defendants cited by publication only, merely because the attorney appointed by the court to represent those defendants did not seasonably object to its introduction in the court below. It follows, then, that the court erred in admitting and giving effect to that evidence. This holding is controlling in the appeal, and by reason thereof the judgment must be reversed and the cause remanded for another trial.

We should add, in consonance with a similar holding and expression in the companion case of Lopez et al. v. Calzado, 281 S. W. 324, this day decided by this court, that our observations in this opinion are not made with any intention to censure or reflect upon the learned and honorable trial judge 'or counsel, for whom the members of this court have the highest regard and respect, but rather in condemnation of an apparent and growing custom upon the part of courts and attorneys in this state to treat too lightly and perfunctorily the obligation placed upon them by law to protect the rights of parties who, cited by publication alone, are given no opportunity themselves to protect those rights.

The judgment is reversed, and the cause remanded.