**EXECUTORS OF the ESTATE OF Hope Pierce TARTT, Deceased, Appellant,**

v.

**Lew W. HARPOLD, Appellee.**

**No. 1232.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 24, 1975.

Rehearing Denied Jan. 14, 1976.

Ben H. Rice, III, Vinson, Elkins, Searls, Connally & Smith, Houston, Gaines Baldwin, Abney & Baldwin, Marshall, for appellant.

Lew W. Harpold, Howard C. Rainey, III, George M. Clifton, Hofheinz & Harpold, Isaac C. Satterwhite, Houston, for appellee.

COULSON, Justice.

This is an appeal from a decree of the Probate Court of Harris County ordering the executors of the Estate of Hope Pierce Tartt, Deceased, to pay to Lew W. Harpold, attorney ad litem for the unknown heirs, his expenses and fees for his professional services. The issue is whether the probate court had jurisdiction to order the executors to pay the expenses and fees of the attorney ad litem (pending the final disposition on appeal of a consolidated suit to construe the will and to determine heirship).

Hope Pierce Tartt died on July 26, 1961 at the age of ninety. Her holographic Will, dated July, 1947, was admitted to probate by decree on January 9, 1962. An action to declare heirship was filed in the probate court on April 3, 1964. The unknown heirs were cited by publication. On March 26, 1965, the probate court appointed Lew W. Harpold attorney for the unknown heirs. On January 11, 1973, the probate court entered an order declaring the heirs of Hope Pierce Tartt and their respective shares and interest in her estate. The court held that none of the real or personal property of Mrs. Tartt passed to the scholarship fund referred to in the Will but that the property passed to her heirs at law under the laws of descent and distribution. The heirs at law, the executors, and the Attorney General of Texas appealed the probate court's order to the District Court of Harris County.

On November 29, 1961, suit was brought in the District Court of Harris County to construe the Will. The unknown heirs were cited by publication. Lew W. Harpold was appointed by the district court as attorney for the unknown heirs in the suit to construe the Will. In February, 1965, an order was entered abating the suit to construe the Will pending disposition of the estate as determined by the probate court.

On May 7, 1973, the district court entered an order consolidating the suit to construe the Will with the appeals from the probate court's heirship determination. Both sides filed motions for summary judgment. On May 28, 1974, the district court rendered its final judgment granting the motions for summary judgment of the executors and the Attorney General of the State of Texas and denying the motions for summary judgment of the heirs and unknown heirs. The district court held that it was unnecessary to determine Mrs. Tartt's heirs at law and the share of each heir in any intestate property because all of her property passed at death under the Will to the scholarship fund, a charitable trust. The heirs and unknown heirs excepted to the judgment of the district court and appealed to this court which affirmed the judgment of the district court. *Eldridge v. Marshall National Bank,* 527 S.W.2d 222 (Tex.Civ.App., Houston [14th Dist.] 1975, writ filed). The issues comprising that appeal are now pending before the Supreme Court of Texas.

Lew W. Harpold, as attorney ad litem, filed in the probate court his application for payment of his fees of $4,380.00 and expenses of $348.60 for the period of January 23, 1974 through March 18, 1975. Following a hearing, the probate court, on April 17, 1975, entered an order approving the expenses and fees and ordering the executors to pay Lew W. Harpold, attorney ad litem, the total amount of $4,728.60. The executors appeal.

■ It is contended by the executors that the probate court had no jurisdiction to award the expenses and fees to the attorney ad litem. The executors argue that the appeal to the district court of the action to determine the heirship of Mrs. Tartt divested the probate court of any present jurisdiction over the matter. We disagree.

■ Tex.R.Civ.P. 244 provides that the court appointing the attorney ad litem "shall allow such attorney a reasonable fee for his services." It is the attorney ad litem's duty to "defend the rights of his involuntary client with the same vigor and astuteness he would employ in the defense of clients who had expressly employed him for such purpose." *Madero v. Calzado,* 281 S.W. 328 (Tex.Civ.App., San Antonio 1926, writ dism'd). The attorney ad litem owes the same duty to his client as the attorneys representing the executors owe to their clients. The attorney ad litem should exhaust all remedies available to his client. The attorney ad litem may be called upon to represent his client on appeal and should do so when it is in the interest of his client.

■ Although the district court's trial of the heirship action was a trial de novo, that court's jurisdiction was "appellate only." *Dunaway v. Easter,* 133 Tex. 309, 129 S.W.2d 286 (1939). As attorney ad litem for the unknown heirs, Harpold had the duty to represent his clients on the appeal from the probate court's declaration of heirship. He performed that duty in the district court, in the court of civil appeals, and continues to do so in the supreme court.

■ The probate court had the duty to award Harpold reasonable attorney's fees for his services as its appointed attorney ad litem. Jurisdiction was retained by the probate court over the estate under the court's continuing administration. Inherent in the probate court's jurisdiction was the power to order the payment of reasonable expenses and fees out of the estate for the attorney ad litem appointed by the probate court. An obligation is imposed upon a court to pay reasonable fees for the attorney ad litem it appoints under Tex.R.Civ.P. 244, which in and of itself confers jurisdiction upon a court acting under its aegis.

The attorney ad litem's expenses and fees, incurred in the probate court and in the district court, had previously been paid without objection by the executors pursuant to orders of the probate court.

■ The attorney ad litem is an officer of the court. He is to be paid a reasonable fee for the services which he renders. Such fees are assessed as costs of suit. Just as other costs of suit may be assessed from time to time as the suit progresses, so may the fees and expenses of the attorney ad litem be assessed and paid from time to time during the litigation. The court appointed attorney is not paid a contingent fee but is paid a reasonable fee for the services rendered. Although the fee may be charged against the shares recovered by the parties represented by the attorney ad litem, the fees may be ordered paid out of the assets of the estate as costs of court and upon final distribution and may be deducted from the shares of those represented by the court appointed attorney ad litem. To require that the attorney ad litem recover his expenses and fees only from his clients' recovered shares, if any, and only upon distribution of the estate would place the court appointed officer on a contingent fee basis. To so hold would require the attorney ad litem in this case to render professional services for a period in excess of ten years prior to receipt of any fee and to advance expenses for his unknown clients,

which expenses and fees the attorney might not recover unless he prevailed. To so hold would discourage courts from appointing attorneys to serve as officers of the court as contemplated by the Texas Rules of Civil Procedure.

The order of the probate court directing the executors to pay the expenses and fees of the attorney ad litem for the unknown heirs is affirmed.