Marjorie CAHILL, Petitioner,

v.

D.M. LYDA, et al., Respondent.

No. D-1597.

Supreme Court of Texas.

Feb. 5, 1992.

Rehearing Overruled May 6, 1992.

John W. Stayton, Jr. and D.L. Hughes, Austin, for petitioner.

Jack Nelson Webernick and Donna L. Stump, Georgetown, for respondent.

ON APPLICATION FOR WRIT OF ERROR TO THE COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

PER CURIAM.

In this cause, we determine that an attorney ad litem is entitled to recover reasonable attorney's fees and expenses for representing unknown heirs on appeal. Marjorie Cahill ("Cahill") sued the record owners and unknown heirs of a fifteen acre tract of land ("the Rhodes tract") adjacent to her property to establish title by adverse possession. Service of citation was by publication and the trial court appointed an attorney ad litem to represent the unknown heirs. By agreement of the parties, a receiver appointed by the trial court sold the Rhodes tract and deposited the proceeds of the sale into the registry of the court.

Following a non-jury trial, the trial court held that Cahill had failed to establish her adverse possession claim and awarded title to the record owners and unknown heirs. Pursuant to further trial court orders, the attorney ad litem's fees were paid through trial from the shares of the proceeds awarded to the unknown heirs. In an unpublished opinion, the court of appeals reversed and rendered judgment, holding that Cahill had established title by adverse possession as a matter of law. The court of appeals assessed costs against the unknown heirs cited by publication and refused to award the attorney ad litem his fees on appeal.

Subsequently, this Court held that Cahill had not established title by adverse possession as a matter of law, and reversed and remanded the cause to the court of appeals

to consider Cahill's factual sufficiency point of error. 802 S.W.2d 643. We also noted our disapproval of the court of appeals' failure to award the attorney ad litem his fees on appeal. *Id.* On remand, the court of appeals held that the trial court's failure to find that Cahill had established title by adverse possession was not against the great weight and preponderance of the evidence. 814 S.W.2d 390. The court of appeals again refused to award the attorney ad litem his fees because, among other things, the record contained no evidence concerning the amount of the attorney ad litem's fees and an award of fees would exceed the scope of the mandate issued by this Court. *Id.*

■ Rule 244 of the Texas Rules of Civil Procedure[1] requires that a trial court appoint an attorney ad litem to represent defendants served with citation by publication who fail to file an answer or appear before the court. Tex.R.Civ.P. 244. Rule 244 also requires that the attorney ad litem be paid a reasonable fee for his services, which is to be taxed as part of the costs. *Id.* The attorney ad litem must exhaust all remedies available to his client and, if necessary, represent his client's interest on appeal. *Executors of the Estate of Tartt v. Harpold,* 531 S.W.2d 696, 698 (Tex.Civ. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.).

■ This Court has indicated that the Texas Rules of Civil and Appellate Procedure should be read to provide a reasonable fee and source of payment for the necessary efforts of an attorney ad litem. *Rhodes v. Cahill,* 802 S.W.2d 643, 647 (Tex. 1990). Under the court of appeals' holding, an attorney ad litem seeking to protect on appeal a verdict favorable to his unknown clients would receive no compensation for any unsuccessful post-trial work. This result effectively makes the attorney ad li-

tem's fees contingent upon success at the appellate court level. "Forcing attorneys to accept court appointment for a contingent representation would surely frustrate the effective representation of unknown clients." *Id.* Therefore, we hold that the attorney ad litem in this case is entitled to reasonable attorney's fees and expenses on appeal.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the Court grants the unknown heirs' application for writ of error and, without hearing oral argument, reverses that portion of the judgment of the court of appeals concerning attorney ad litem fees and remands this cause to the trial court for the limited purpose of determining the reasonable attorney's fees and expenses of the attorney ad litem for his services on appeal. Under the circumstances of this case, these fees and expenses are to be taxed as costs and paid from the proceeds awarded to Cahill, the record owners, and the unknown heirs which are being held in the registry of the trial court.

---

1. Rule 244 states:
   Where service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit in behalf of the defendant, and judgment shall be rendered as in other cases; but, in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as a part of the record thereof. The court shall allow such attorney a reasonable fee for his services, to be taxed as part of the costs. Tex.R.Civ.P. 244.