

CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
SAM GRIFFITH
DIANE DEVASTO

# TWELFTH COURT OF APPEALS

CLERK
CATHY S. LUSK

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

Wednesday, October 12, 2005

Mr. Carnegie H. Mims Jr.
Mims & Associates
203 Candler Drive
Houston, TX 77037

Mr. Kenneth Raney
Thigpen & Raney
110 N. College Ave.
Ste. 1401
Tyler, TX 75702

Mr. Wayne B. Slaughter Jr.
W.B. Slaughter & Associates
The Center, Suite 935
8323 Southwest Freeway
Houston, TX 77074

Mr. M. Keith Dollahite
100 East Ferguson
Suite 1015
Tyler, TX 75702

RE:     Case Number:                12-04-00144-CV
        Trial Court Case Number:    32,334-P

**Style:** In the Estate of Earle Stanton, Deceased

Enclosed is a copy of the Opinion issued this date in the above styled and numbered cause.
Also enclosed is a copy of the Court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: _Katrina McClenny_
        Katrina McClenny, Chief Deputy Clerk

CC:     Hon. Floyd T. Getz
        Hon. John Ovard
        Ms. Judy Carnes

# NO. 12-04-00144-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE ESTATE OF* | § | *APPEAL FROM THE* |
| *EARLE STANTON,* | § | *COUNTY COURT AT LAW #3* |
| *DECEASED* | § | *SMITH COUNTY, TEXAS* |

## *OPINION*

Carnegie H. Mims, Jr., as former temporary administrator of the Estate of Earle Stanton (the "Estate"), appeals certain orders relating to the administration of the Estate. In five issues, Mims challenges the ad litem's standing and authority and contends the probate court erred in appointing a third-party dependent administrator, failing to award Mims attorney's fees for legal services he performed as the temporary administrator, ordering an advance to the attorney ad litem for expenses, and setting the dependent administrator's bond at $10,000. We affirm.

## BACKGROUND

Earle Stanton, an only child, died without a will as a resident of Smith County. He was unmarried with no children, and therefore his heirs were the descendants of his parents' siblings. *See* TEX. PROB. CODE ANN. § 38(a)3 (Vernon 2003). On June 24, 2003, one month after Stanton's death, Mims was appointed temporary administrator of the Estate by an order stating, in part, as follows:

> As Temporary Administrator, Carnegie H. Mims, Jr. shall have the authority to ascertain and collect the assets of the estate, to manage the properties of the estate, including paying the expenses for the upkeep of the properties, to hire and employ professionals, such as attorneys, accountants, realtors, and security personnel, to collect the rental income due on the rental properties, and to provide safekeeping for any valuables located in the Decedent's home.

Around the time of his appointment as temporary administrator, Mims entered into a management contract with Peggy Ann Black and Henry Jackson to manage the Estate's real property. In July, Mims filed an application to determine heirship.[1] In August, the probate court entered an order appointing Scott Killough as the attorney ad litem for the unknown heirs of the Estate. Killough then filed a motion for deposit of security to investigate the existence of unknown heirs, to which Mims objected. Following a hearing, the court entered an order on November 13, 2003 that Mims pay $15,000 from estate funds to Killough as a deposit to defray the costs of his investigation to identify and locate the decedent's heirs. On December 22, 2003, Mims's appointment as temporary administrator expired. *See id.* § 131A(a) (duration of temporary administrator's appointment may not exceed 180 days unless made permanent).

On March 17, 2004, Mims filed an application requesting the court to authorize payment of attorney's fees to him for legal services he performed while serving as temporary administrator. On March 26, Killough filed an application seeking the appointment of an independent third party as dependent administrator of the Estate. Black and Jackson each filed, on March 30, an application to be appointed as temporary administrator. Mims signed each application as attorney for the applicant. Two days later, Mims himself filed an application, asking to be appointed again as temporary administrator.

The court held a hearing on April 8, at which time it denied the applications of Mims, Black, and Jackson and appointed Ken Raney as dependent administrator. The court also denied Mims's application for attorney's fees, without prejudice to refiling. Mims timely filed this appeal.

## AUTHORITY OF ATTORNEY AD LITEM

In his first issue, Mims contends that Killough did not have the authority or standing either to oppose the appointment of a temporary administrator or to apply for the appointment of an independent third-party administrator. Mims does not contest the fact that Killough was duly appointed by the court as attorney ad litem for the unknown heirs or deny that these unknown heirs were Killough's clients. *See id.* § 34A (court may appoint attorney ad litem to represent unknown

---

[1] Mims is an attorney licensed to practice law in Texas.

heirs in probate proceeding); *Cahill v. Lyda*, 826 S.W.2d 932, 933 (Tex. 1992) (addressing duties of attorney ad litem to clients). It is the attorney ad litem's duty to "defend the rights of his involuntary client with the same vigor and astuteness he would employ in the defense of clients who had expressly employed him for such purpose." *Estate of Tart v. Harpold*, 531 S.W.2d 696, 698 (Tex. App.–Houston [14th Dist.] 1975, writ ref'd n.r.e.) (quoting *Madero v. Calzado*, 281 S.W. 328 (Tex. Civ. App.–San Antonio 1926, writ dism'd)). The attorney ad litem owes the same duty to his client as the attorneys representing executors owe to their clients. *Harpold*, 531 S.W.2d at 698. The attorney ad litem must exhaust all remedies available to his client. *Cahill*, 826 S.W.2d at 933.

A court has the power to appoint a temporary administrator if the interest of a decedent's estate requires the immediate appointment of a personal representative. TEX. PROB. CODE ANN. § 131A(a). An heir may request a hearing to contest the appointment. *Id.* § 131A(h)(1). An heir may also make application for the appointment of a permanent administrator. *Id.* §§ 3(r), 76(c). Here, Killough's clients, had they been present, could have opposed the appointment of a temporary administrator and applied for the appointment of an independent third-party administrator. Because they were not present, Killough had both standing and the authority to take those actions on behalf of his clients. *See Cahill*, 826 S.W.2d at 933; *Harpold*, 531 S.W.2d at 698. Mims's issue one is overruled.

## APPOINTMENT OF DEPENDENT ADMINISTRATOR

In his second issue, Mims contends the probate court abused its discretion when it appointed an independent third party as administrator instead of himself, Black, or Jackson. He contends that section 77 of the probate code prescribes the order of persons to be appointed when there are multiple applications filed and that an independent third party would have the lowest priority. *See* TEX. PROB. CODE ANN. § 77 (Vernon 2003). Killough responds that section 77 requires that the person appointed be "qualified" and that no person is "qualified" to serve "whom the court finds unsuitable." *Id.* § 78(e).

Temporary administrators shall have and exercise only such rights and powers as are specifically expressed in the order of the court appointing them, and as may be expressed in subsequent orders of the order. TEX. PROB. CODE ANN. § 133 (Vernon 2003). The authority of a

3

temporary administrator is to act as a conservator, not a distributor of the estate. *Barrett v. Parchman*, 675 S.W.2d 289, 292 (Tex. Civ. App.–Dallas 1984, no writ). The powers of a temporary administrator are very restrictive and may only be extended or expanded by the probate court. *See* TEX. PROB. CODE ANN. § 133. It is an improper use of the temporary administrator's authority given him by the probate court to do more or less than the court has ordered or authorized him to do. *See id.*; *Barrett*, 675 S.W.2d at 292.

Here, Mims filed an application to determine heirship without obtaining court authorization to do so. Further, Mims allowed Black and Jackson to continue collecting rents and managing the real property of the Estate after his authority as temporary administrator ended on December 22, 2003. Once Mims's authority ended, Black and Jackson had no legal right to continue managing the real property of the Estate or collecting rents. Yet both Black and Jackson testified that they continued to do so without any authorization from the probate court. Raney testified that he practiced probate law, was a resident of Smith County, and did not know any of the heirs of the Estate. The court appointed Raney as the dependent administrator of the Estate.

The probate court is granted broad discretion in determining whether an individual is suitable to serve as an executor or administrator. *Dean v. Getz*, 970 S.W.2d 629, 633 (Tex. App.–Tyler 1998, no pet.). The legislature intended for the probate court to have wide latitude in determining who would be appropriate for the purpose of administering estates. *Id.* With reference to Mims, Black, and Jackson, the evidence shows all three acted contrary to the authority granted by the probate court. This evidence supports the probate court's determination that all three were unsuitable to be appointed temporary administrator of the Estate. We hold that the probate court did not abuse its discretion in appointing Raney as the dependent administrator of the Estate. Mims's issue two is overruled.

## ATTORNEY'S FEES

In his third issue, Mims contends the trial court abused its discretion when it did not award him attorney's fees for legal services he performed while he served as temporary administrator.

The temporary administrator shall be entitled to receive a commission of five percent on all sums actually received in cash and the same percent on all sums he may actually pay out in cash,

subject to certain limitations. TEX. PROB. CODE ANN. § 241 (Vernon 2003). Any action taken by an administrator not authorized by delineated powers or legal duty to the estate is not compensable. *Kay v. Sandler*, 704 S.W.2d 430, 433 (Tex. App.–Houston [14th Dist.] 1985, writ ref'd n.r.e.). Where a temporary administrator is also an attorney, he is entitled to reasonable attorney's fees for his legal services. *See* TEX. PROB. CODE ANN. § 242 (Vernon 2003); *see also Burton v. Bean*, 549 S.W.2d 48, 51 (Tex. App.–El Paso 1977, no writ). However, he must separately identify the services he performed as temporary administrator and the services he performed as attorney for the estate. *See Burton*, 549 S.W.2d at 51.

Mims filed a request for $15,140 in attorney's fees and out-of-pocket expenses. The probate court stated at the hearing on Mims's application that it could not distinguish the fees for the work Mims had done as temporary administrator and from the fees for his legal services. Consequently, the probate court denied Mims's application, but stated that he could refile it. This was not an abuse of the trial court's discretion. Mims's issue three is overruled.

## ATTORNEY AD LITEM'S EXPENSES AND FEES

In his fourth issue, Mims questions the inherent power of the probate court to order a deposit paid to the attorney ad litem from estate funds for expenses or to authorize the attorney ad litem to retain counsel on appeal to represent him.

A probate court shall have all jurisdiction and authority to transact all business pertaining to estates. TEX. PROB. CODE ANN. § 4 (Vernon 2003). Parties can be required in all civil cases to give security for costs during their pendency. TEX. R. CIV. P. 143. This rule has been incorporated in probate proceedings. TEX. PROB. CODE ANN. § 12(a) (Vernon 2003); *see also Ray v. McFarland*, 97 S.W.3d 728, 731 (Tex. App.–Fort Worth 2003, no pet.) ("Absent an express provision in the probate code to the contrary, the rules regarding costs that are applicable to other civil cases are applicable to probate cases."). Courts have frequently recognized the power of a court to order a deposit of costs to defray future attorney ad litem expenses. *See, e.g, Ex parte Hightower*, 877 S.W.2d 17, 21 (Tex. App.–Dallas 1994, writ dism'd w.o.j.); *Shirley v Montgomery*, 768 S.W.2d 430, 433 (Tex. App.–Houston [14th Dist.] 1989, orig. proceeding).

The evidence in this case showed that substantial investigation by an heir tracing service

would be required to trace the heirship of the decedent and to locate the heirs. The evidence also showed that because there was a large number of potential heirs, the estimated cost of the investigation was $15,000. The deposit was necessary to provide the ad litem with funds to pay for the investigation. The trial court did not abuse its discretion by ordering the deposit.

Mims also contends that Killough, as attorney ad litem, was not entitled to an attorney on appeal. We disagree, as does the Texas Supreme Court. An attorney ad litem is entitled to reasonable attorney's fees and expenses on appeal. *Cahill*, 826 S.W.2d at 933. Mims's fourth issue is overruled.

## ADMINISTRATOR'S BOND

In his fifth issue, Mims contends that the trial court erred in setting Raney's bond as dependent administrator in the amount of $10,000. The trial court entered an order requiring that Raney place all cash, stocks, bonds, and other marketable securities in excess of $10,000 in safekeeping. The amount of the bond of the personal representative shall be reduced in proportion to the cash showed deposited or the value of the other securities or other assets placed in safekeeping. TEX. PROB. CODE ANN. § 194(6) (Vernon 2003). According to the sworn inventory Mims filed as temporary administrator, the value of the estate assets that are not in safekeeping and are not real property is $8,900. This is less than the amount of Raney's bond. Mims's issue five is overruled.

## DISPOSITION

The judgment of the trial is *affirmed*.

JAMES T. WORTHEN
Chief Justice

Opinion delivered October 12, 2005.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*

(PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 12, 2005

## NO. 12-04-00144-CV

### IN THE ESTATE OF EARLE STANTON, DECEASED

Appeal from the County Court at Law #3
of Smith County, Texas. (Tr.Ct.No. 32,334-P)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **BE IN ALL THINGS AFFIRMED**, and that all costs of this appeal are hereby adjudged against the appellant, **CARNEGIE H. MIMS, JR.**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*