NO.
12-04-00144-CV

 

                     IN THE COURT
OF APPEALS       

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                 TYLER, TEXAS

IN THE
ESTATE OF                                         §                APPEAL FROM THE 

 

EARLE
STANTON,                                          §                COUNTY COURT AT LAW #3

 

DECEASED                                                       §                SMITH COUNTY, TEXAS

                                                                                                                                                            

                                                                      OPINION

Carnegie H. Mims, Jr., as former temporary
administrator of the Estate of Earle Stanton (the “Estate”), appeals certain
orders relating to the administration of the Estate.  In five issues, Mims challenges the ad
litem’s standing and authority and contends the probate court erred in
appointing a third-party dependent administrator, failing to award Mims
attorney’s fees for legal services he performed as the temporary administrator,
ordering an advance to the attorney ad litem for expenses, and setting the
dependent administrator’s bond at $10,000. 
We affirm.

 

                                                                Background

Earle Stanton, an only child, died without a will as
a resident of Smith County.  He was
unmarried with no children, and therefore his heirs were the descendants of his
parents’ siblings.  See  Tex.
Prob. Code Ann. § 38(a)3 (Vernon 2003). 
On June 24, 2003, one month after Stanton’s death, Mims was appointed
temporary administrator of the Estate by an order stating, in part, as follows:


As Temporary Administrator,
Carnegie H. Mims, Jr. shall have the authority to ascertain and collect the
assets of the estate, to manage the properties of the estate, including paying
the expenses for the upkeep of the properties, to hire and employ
professionals, such as attorneys, accountants, realtors, and security
personnel, to collect the rental income due on the rental properties, and to
provide safekeeping for any valuables located in the Decedent’s home.








Around the time of his appointment as temporary
administrator, Mims entered into a management contract with Peggy Ann Black and
Henry Jackson to manage the Estate’s real property.  In July, Mims filed an application to
determine heirship.[1]  In August, the probate court entered an order
appointing Scott Killough as the attorney ad litem for the unknown heirs of the
Estate.  Killough then filed a motion for
deposit of security to investigate the existence of unknown heirs, to which
Mims objected.  Following a hearing, the
court entered an order on November 13, 2003 that Mims pay $15,000 from estate
funds to Killough as a deposit to defray the costs of his investigation to
identify and locate the decedent’s heirs. 
On December 22, 2003, Mims’s appointment as temporary administrator
expired.  See id. § 131A(a) (duration
of temporary administrator’s appointment may not exceed 180 days unless made
permanent).

On March 17, 2004, Mims filed an application
requesting the court to authorize payment of attorney’s fees to him for legal
services he performed while serving as temporary administrator.  On March 26, Killough filed an application
seeking the appointment of an independent third party as dependent
administrator of the Estate.  Black and
Jackson each filed, on March 30, an application to be appointed as temporary
administrator.  Mims signed each
application as attorney for the applicant. 
Two days later, Mims himself filed an application, asking to be
appointed again as temporary administrator.

The court held a hearing on April 8, at which time
it denied the applications of Mims, Black, and Jackson and appointed Ken Raney
as dependent administrator.  The court
also denied Mims’s application for attorney’s fees, without prejudice to
refiling.  Mims timely filed this appeal.

 

                                          Authority of Attorney Ad Litem








In his first issue, Mims contends that Killough did
not have the authority or standing either to oppose the appointment of a
temporary administrator or to apply for the appointment of an independent
third-party administrator.  Mims does not
contest the fact that Killough was duly appointed by the court as attorney ad
litem for the unknown heirs or deny that these unknown heirs were Killough’s
clients.  See id. § 34A
(court may appoint attorney ad litem to represent unknown heirs in probate
proceeding); Cahill v. Lyda, 826 S.W.2d 932, 933 (Tex. 1992)
(addressing duties of attorney ad litem to clients). It is the attorney ad
litem’s duty to “defend the rights of his involuntary client with the same
vigor and astuteness he would employ in the defense of clients who had
expressly employed him for such purpose.” 
Estate of Tart v. Harpold, 531 S.W.2d 696, 698 (Tex.
App.–Houston [14th Dist.] 1975, writ ref’d n.r.e.) (quoting Madero v.
Calzado, 281 S.W. 328 (Tex. Civ. App.–San Antonio 1926, writ
dism’d)).  The attorney ad litem owes the
same duty to his client as the attorneys representing executors owe to their
clients.  Harpold, 531
S.W.2d at 698.  The attorney ad litem
must exhaust all remedies available to his client.  Cahill, 826 S.W.2d at 933. 

A court has the power to appoint a temporary
administrator if the interest of a decedent’s estate requires the immediate
appointment of a personal representative. 
Tex. Prob. Code Ann.
§ 131A(a).  An heir may request a
hearing to contest the appointment.  Id.
§ 131A(h)(1).  An heir may also make
application for the appointment of a permanent administrator.  Id. §§ 3(r), 76(c).  Here, Killough’s clients, had they been
present, could have opposed the appointment of a temporary administrator and
applied for the appointment of an independent third-party administrator.  Because they were not present, Killough had
both standing and the authority to take those actions on behalf of his
clients.  See Cahill, 826
S.W.2d at 933; Harpold, 531 S.W.2d at 698.  Mims’s issue one is overruled.

 

                              Appointment of Dependent Administrator

In his second issue, Mims contends the probate court
abused its discretion when it appointed an independent third party as
administrator instead of himself, Black, or Jackson.  He contends that section 77 of the probate
code prescribes the order of persons to be appointed when there are multiple
applications filed and that an independent third party would have the lowest
priority.  See Tex. Prob. Code Ann. § 77 (Vernon
2003).  Killough responds that section 77
requires that the person appointed be “qualified” and that no person is
“qualified” to serve “whom the court finds unsuitable.”  Id. § 78(e).








Temporary administrators shall have and exercise
only such rights and powers as are specifically expressed in the order of the court
appointing them, and as may be expressed in subsequent orders of the
order.  Tex.
Prob. Code Ann. § 133 (Vernon 2003). 
The authority of a temporary administrator is to act as a conservator,
not a distributor of the estate.  Barrett
v. Parchman, 675 S.W.2d 289, 292 (Tex. Civ. App.–Dallas 1984, no
writ).  The powers of a temporary
administrator are very restrictive and may only be extended or expanded by the
probate court.  See Tex. Prob. Code Ann. § 133.  It is an improper use of the temporary
administrator’s authority given him by the probate court to do more or less
than the court has ordered or authorized him to do.  See id.;  Barrett, 675 S.W.2d at 292.

Here, Mims filed an application to determine
heirship without obtaining court authorization to do so.  Further, Mims allowed Black and Jackson to
continue collecting rents and managing the real property of the Estate after
his authority as temporary administrator ended on December 22, 2003.  Once Mims’s authority ended, Black and
Jackson had no legal right to continue managing the real property of the Estate
or collecting rents.  Yet both Black and
Jackson testified that they continued to do so without any authorization from
the probate court.  Raney testified that
he practiced probate law, was a resident of Smith County, and did not know any
of the heirs of the Estate.  The court
appointed Raney as the dependent administrator of the Estate.

The probate court is granted broad discretion in
determining whether an individual is suitable to serve as an executor or
administrator.  Dean v. Getz,
970 S.W.2d 629, 633 (Tex. App.–Tyler 1998, no pet.).  The legislature intended for the probate
court to have wide latitude in determining who would be appropriate for the
purpose of administering estates.  Id.  With reference to Mims, Black, and Jackson,
the evidence shows all three acted contrary to the authority granted by the
probate court.  This evidence supports
the probate court’s determination that all three were unsuitable to be
appointed temporary administrator of the Estate.  We hold that the probate court did not abuse
its discretion in appointing Raney as the dependent administrator of the
Estate.  Mims’s issue two is overruled.

 

                                                           Attorney’s Fees

In his third issue, Mims contends the trial court
abused its discretion when it did not award him attorney’s fees for legal
services he performed while he served as temporary administrator.  








The temporary administrator shall be entitled to
receive a commission of five percent on all sums actually received in cash and
the same percent on all sums he may actually pay out in cash, subject to
certain limitations.  Tex. Prob. Code Ann. § 241 (Vernon
2003).  Any action taken by an
administrator not authorized by delineated powers or legal duty to the estate is
not compensable.  Kay v. Sandler,
704 S.W.2d 430, 433 (Tex. App.–Houston [14th Dist.] 1985, writ ref’d
n.r.e.).  Where a temporary administrator
is also an attorney, he is entitled to reasonable attorney’s fees for his legal
services.  See Tex. Prob. Code Ann. § 242 (Vernon
2003); see also Burton v. Bean, 549 S.W.2d 48, 51 (Tex.
App.–El Paso 1977, no writ).   However,
he must separately identify the services he performed as temporary
administrator and the services he performed as attorney for the estate.  See Burton, 549 S.W.2d at
51.  

Mims filed a request for $15,140 in attorney’s fees
and out-of-pocket expenses.  The probate
court stated at the hearing on Mims’s application that it could not distinguish
the fees for the work Mims had done as temporary administrator and from the
fees for his legal services. 
Consequently, the probate court denied Mims’s application, but stated
that he could refile it.  This was not an
abuse of the trial court’s discretion. 
Mims’s issue three is overruled.

 

                                 Attorney Ad Litem’s Expenses and Fees

In his fourth issue, Mims questions the inherent
power of the probate court to order a deposit paid to the attorney ad litem
from estate funds for expenses or to authorize the attorney ad litem to retain
counsel on appeal to represent him.  

A probate court shall have all jurisdiction and
authority to transact all business pertaining to estates.  Tex.
Prob. Code Ann. § 4 (Vernon 2003). 
Parties can be required in all civil cases to give security for costs
during their pendency.  Tex. R. Civ. P. 143.  This rule has been incorporated in probate
proceedings.  Tex. Prob. Code Ann. § 12(a) (Vernon 2003);  see also Ray v. McFarland, 97
S.W.3d 728, 731 (Tex. App.–Fort Worth 2003, no pet.) (“Absent an express
provision in the probate code to the contrary, the rules regarding costs that
are applicable to other civil cases are applicable to probate cases.”).  Courts have frequently recognized the power
of a court to order a deposit of costs to defray future attorney ad litem
expenses.  See, e.g,  Ex parte Hightower, 877 S.W.2d 17,
21 (Tex. App.–Dallas 1994, writ dism’d w.o.j.); Shirley v Montgomery,
768 S.W.2d 430, 433 (Tex. App.–Houston [14th Dist.] 1989, orig.
proceeding).  








The evidence in this case showed that substantial
investigation by an heir tracing service would be required to trace the
heirship of the decedent and to locate the heirs.   The evidence also showed that because there
was a large number of potential heirs, the estimated cost of the investigation
was $15,000.  The deposit was necessary
to provide the ad litem with funds to pay for the investigation.  The trial court did not abuse its discretion
by ordering the deposit.

Mims also contends that Killough, as attorney ad
litem, was not entitled to an attorney on appeal.  We disagree, as does the Texas Supreme
Court.  An attorney ad litem is entitled
to reasonable attorney’s fees and expenses on appeal.  Cahill, 826 S.W.2d at 933.  Mims’s fourth issue is overruled.

 

                                                     Administrator’s Bond

In his fifth issue, Mims contends that the trial
court erred in setting Raney’s bond as dependent administrator in the amount of
$10,000.  The trial court entered an
order requiring that Raney place all cash, stocks, bonds, and other marketable securities
in excess of $10,000 in safekeeping.  The
amount of the bond of the personal representative shall be reduced in
proportion to the cash showed deposited or the value of the other securities or
other assets placed in safekeeping.  Tex. Prob. Code Ann. § 194(6) (Vernon
2003).  According to the sworn inventory
Mims filed as temporary administrator, the value of the estate assets that are
not in safekeeping and are not real property is $8,900.  This is less than the amount of Raney’s bond.  Mims’s issue five is overruled.

 

                                                                 Disposition

The judgment of the trial is affirmed.

 

 

  
JAMES T. WORTHEN   

  
Chief Justice

 

Opinion
delivered October 12, 2005.

Panel consisted of Worthen, C.J., Griffith, J., and
DeVasto, J.

 

                                                                     (PUBLISH)











[1]
Mims is an attorney licensed
to practice law in Texas.