# NO. 12-24-00099-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE ESTATE OF* | § | *APPEAL FROM THE 87TH* |
| *JOHN RILEY BROWN,* | § | *JUDICIAL DISTRICT COURT* |
| *APPELLANT* | § | *FREESTONE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joe Earl Robinson, an inmate proceeding pro se, appeals the trial court's judgment awarding against him and others delinquent taxes in favor of Appellee the County of Freestone, Texas (the County).[1]  In two issues, Robinson argues that the trial court abused its discretion in declining to issue a bench warrant to permit his presence at trial and the evidence is legally insufficient to support the trial court's judgment.  We affirm.

## BACKGROUND

The County filed the underlying lawsuit for the collection of delinquent property taxes on August 26, 2019.  By its suit, the County sought to recover delinquent property taxes for tax years 2008 through 2023, for the property bearing property identification number 1072000001-CO/00199-00002-00000-000000-ISD (the subject property).

After it filed suit, the County located and served several defendants, including Robinson, who is an inmate incarcerated in Texas and a purported heir to Brown's estate.  However, the County was unable to locate several other defendants.  Accordingly, the County asked the trial

---

[1] This case originally was filed in the Tenth Court of Appeals but subsequently was transferred to this court pursuant to a docket equalization order by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. 73.001 (West Supp. 2024).

court to appoint an attorney ad-litem to represent the interests of the remaining, unserved defendants. The trial court granted the County's request and appointed an attorney ad-litem.

On December 30, Robinson filed a countersuit against the County, by which he sought to recover $59,000,000 in damages for the alleged use of the subject property's minerals.[2] On January 16, 2020, Robinson filed a motion for a bench warrant to appear at trial. The trial court took no action on Robinson's motion.

On February 28, 2024, the trial court conducted a trial on the merits. The attorney ad-litem and the County's trial counsel were present and participated in the trial. Misty Dingler, an employee of trial counsel for the County, testified at trial about the ownership history of the subject property. The County also offered into evidence Exhibit 1, a Certification of Delinquent Taxes created by the Tax Assessor-Collector of Freestone County, Texas, and Exhibit 2, a notice of hearing, which was sent to Appellant. Ultimately, the trial court rendered judgment in the County's favor. This appeal followed.

## BENCH WARRANT

In his first issue, Robinson argues that the trial court abused its discretion in declining to issue a bench warrant to permit his presence at trial.

We review a trial court's determination on an inmate's application for writ of habeas corpus ad testificandum, also known as a bench warrant, for abuse of discretion. *See In re Z.L.T.*, 124 S.W.3d 163, 164–65 (Tex. 2003). Pursuant to Texas Rule of Appellate Procedure 33.1, to present a complaint for appellate review, the record must reflect that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1).

In general, our rules place the burden on litigants to identify with sufficient specificity the grounds for a ruling they seek. *In re Z.L.T.*, 124 S.W.3d at 166 (citing TEX. R. CIV. P. 21; TEX. R. APP. P. 33.1(a)(1)(A)). A litigant's status as an inmate does not alter that burden. *In re Z.L.T.*, 124 S.W.3d at 166. Even when an inmate requests a bench warrant, if he fails to include

---

[2] The County subsequently filed a motion to sever Robinson's countersuit from its tax-collection suit against him. The trial court granted the County's motion and severed the matters.

information by which the court can assess the necessity of his appearance, the trial court has no responsibility independently to inquire into relevant facts where none are provided. *See id.* (although inmate/presumed-father listed relevant factors[3] in request for bench warrant, he failed to provide any factual information showing why his interest in appearing outweighed impact on correctional system).

Here, Robinson filed a request to the trial court for a bench warrant, in which he stated, in pertinent part, as follows:

> I am presently incarcerated in the Beto Unit Located in the City of Tennessee Colony, Texas. I request the Court to issue a warrant from the Bench ordering the Sheriff of Freestone County to transport me to this court for hearing this matter so that I may give testimony.

Because Robinson bore the burden to establish his right to relief, despite his general request for a bench warrant, he failed to include in his motion information by which the trial court could assess the necessity of his appearance. Thus, the trial court had no responsibility independently to inquire into relevant facts where he provided none. *See id.* Therefore, we hold that the trial court did not abuse its discretion by declining independently to inquire into the issue where Robinson provided no relevant facts to support his motion for a bench warrant. *See* TEX. R. APP. P. 33.1(a)(1); *In re Z.L.T.*, 124 S.W.3d at 166. Robinson's first issue is overruled.


## LEGAL SUFFICIENCY

In his second issue, Appellant argues that the evidence is legally insufficient to support the trial court's judgment.

**Standard of Review and Governing Law**

We review a trial court's findings of fact for legal sufficiency under the same standards applied on review of a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). In determining the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable fact-finder could,

---

[3] These factors include the cost and inconvenience of transporting the prisoner to the courtroom; the security risk the prisoner presents to the court and public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release; whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether the prisoner's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the prisoner's probability of success on the merits. *See In re Z.L.T.*, 124 S.W.3d 163, 165–66 (Tex. 2003).

and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 809 (Tex. 2005). We sustain a no-evidence point only when the record discloses (1) a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence established conclusively the opposite of the vital fact. *Pierre v. Steinbach*, 378 S.W.3d 529, 533 (Tex. App.–Dallas 2012, no pet.). If there is any evidence of probative force to support the jury's finding, the no-evidence challenge fails. *Id.* However, when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence at all. *Id.*

Texas Tax Code, Section 33.47, states, in pertinent part, as follows:

> In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

TEX. TAX. CODE ANN. § 33.47 (West 2015). Once a prima facie case of delinquent tax payment is established by a taxing unit, the burden shifts to the taxpayer to introduce competent evidence that he paid the full amount of the taxes, penalties, and interest, or that there is some other defense applicable to his case. *See Maximum Med. Imp. Inc. v. Cty. of Dallas*, 272 S.W.3d 832, 835 (Tex. App.–Dallas 2008, no pet.).

**Discussion**

In the instant case, the County introduced into evidence as Exhibit 1, a "Certification of Delinquent Taxes" for the subject property. Exhibit 1 sets forth a legal description of the subject property, a list of parties liable for the taxes thereon, as well as the base tax, penalties and interest, additional penalties, and attorney's fees owed for tax years 2008 through 2023, which total $33,079.36. The record contains no evidence which rebuts the presumption that the County made a prima facie case by the admission of this exhibit into evidence. Moreover, Dingler testified about her efforts to locate all individuals and heirs possessing an ownership interest in the subject property. Lastly, the attorney ad-litem testified that, based on his review of the records related to heirship, as well as the information available to the County, he was satisfied that the County

4

undertook reasonable, due diligence in locating the heirs and that the heirs who were identified by the County were included in the citation by publication. *See, e.g.*, **In re Estate of Stanton**, 202 S.W.3d 205, 208 (Tex. App.–Tyler 2005, pet. denied) ("It is the attorney ad litem's duty to defend the rights of his involuntary client with the same vigor and astuteness he would employ in the defense of clients who had expressly employed him for such purpose"). Accordingly, we hold that the evidence was legally sufficient to support the trial court's judgment. Robinson's second issue is overruled.

## DISPOSITION

Having overruled Robinson's first and second issues, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 6, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 6, 2024**

**NO. 12-24-00099-CV**

**IN THE ESTATE OF JOHN RILEY BROWN,**
Appellant

---

Appeal from the 87th District Court
of Freestone County, Texas (Tr.Ct.No. CV19283)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, Joe Earl Robinson, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*