In re the ESTATE OF E. Imogene WALKER, Deceased.

No. 05–07–00976–CV.

Court of Appeals of Texas, Dallas.

April 17, 2008.

T. Wesley Holmes, Fisher, Holmes & Turner, Dallas, TX, for Appellant.

Lia E. Rardin, Bruce K. Thomas, Law Office of Bruce K. Thomas, Dallas, TX, for Appellee.

Before Justices WRIGHT, O'NEILL, and FRANCIS.

## OPINION

Opinion by Justice WRIGHT.

Appellants, Kay Frances Walker, Juanita Faye Anderson–Copier, Mona Walker Hurst, Marcia Walker Hurst, Martha Diane Walker, Dwayne Walker, John Walker, and Sharon Walker Atwell, are relatives of the deceased, E. Imogene Walker. They appeal from an order of the probate court denying them relief in their complaint regarding an amended inventory filed by the independent executor of the deceased's estate. In a single issue, appellants contend the trial court erred as a matter of law in finding that the amended inventory was not erroneous. We affirm.

### Background

The deceased and Norma Lea Beasley were friends and business partners for over forty years. The deceased was an accountant and Beasley is an attorney. The deceased died on August 16, 2003.

Beasley filed an application to probate the deceased's will on August 18, 2003. Beasley also filed the deceased's will dated February 28, 1990. Beasley later discovered a will dated February 18, 1992 that revoked all prior wills. Accordingly, Beasley amended her application to probate the will and filed the 1992 will with the probate court. On March 29, 2004, the probate court signed an order admitting the deceased's 1992 will to probate and appointed Beasley independent executrix in accordance with the deceased's will.

Beasley filed the initial inventory and appraisement on December 15, 2004 and the probate court approved it on December 29, 2004. This inventory valued the assets of the deceased's estate at $5,122,397. Beasley's attorney subsequently discovered a trust document that the deceased and Beasley had entered into and signed on February 20, 1992. In light of the discovery of this trust document, Beasley filed an amended inventory and appraisement on April 13, 2007 which reduced the value of the estate's assets to $181,266. In response to this amended filing, appellants filed a complaint under section 258 of the probate code. TEX. PROB. CODE ANN. § 258 (Vernon 2003). They alleged the amended inventory was erroneous because it omitted certain property they contend belongs to the estate.[1]

The probate court conducted a hearing on appellants' section 258 complaint. On June 25, 2007, it signed an order denying the requested relief stating that "the Court is not satisfied that the Amended Inventory, Appraisement and List of Claims filed April 13, 2007, is erroneous or

---

1. Specifically, they dispute the omission of the following property:

    1. Item 1 under "Real Property" on page one of the original inventory;

    2. Items 2a. through 2g. under "Stocks, bonds, and Other Securities" on page 2 of the original inventory; and

    3. Items 3a. through 3m. under "Other Personal Property" on page 3 of the original inventory.

unjust in any particular as alleged in the Complaint." This appeal timely followed.

## Standard of Review

■ As the parties note in their appellate briefs, there is no case stating the standard of review in an appeal of a complaint under section 258 of the probate code. For reasons that follow, we hold that abuse of discretion is the appropriate standard of review.

Section 258 provides that the trial court conduct a hearing on a section 258 complaint. TEX. PROB.CODE ANN. § 258 (Vernon 2003). If, following the hearing, the court is satisfied that the inventory or appraisement is erroneous it shall order a new appraisal. *Id.* Thus, a determination of a complaint under section 258 is committed to the trial court's discretion.

■ Removal of a personal representative is also a matter of the trial court's discretion. *See* TEX. PROB.CODE ANN. § 222 (Vernon Supp.2007). We review a trial court's order removing a personal representative under an abuse of discretion standard. *In re Estate of Clark*, 198 S.W.3d 273, 275 (Tex.App.-Dallas 2006, pet. denied). Similarly, a probate court has broad discretion in determining whether a person is suitable to serve as executor or administrator. TEX. PROB.CODE ANN. §§ 77 & 78 (Vernon 2003); *In re Estate of Stanton*, 202 S.W.3d 205, 209 (Tex.App.-Tyler 2005, no pet.). We review those orders also for an abuse of discretion. *Dean v. Getz*, 970 S.W.2d 629, 633 (Tex. App.-Tyler 1998, no pet.).

■ Because a probate court's determination of a section 258 complaint is committed to its discretion, we conclude that this Court reviews such order for an abuse of discretion. A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

## Amended Inventory

■ The single issue in this case, as stated in appellants' brief, is whether the trial court erred as a matter of law in finding that the amended inventory was not erroneous. As noted earlier, the assets of the deceased's estate were greatly reduced from the original inventory to the amended inventory. Beasley's attorney discovered a document labeled "Trust" after a long search. In response to the discovery of the Trust, Beasley filed the amended inventory. The trust was entered into and signed by the deceased and Beasley on February 20, 1992. Appellants contend this document is not a valid trust and, therefore, the amended inventory based on the document was erroneous. Specifically, appellants contend the document fails as a trust because it fails to identify the property that is subject to its provisions.

■ To create a trust by a written instrument, the beneficiary, the res, and the trust purpose must be identified. *Perfect Union Lodge No. 10, A.F. & A.M., of San Antonio v. Interfirst Bank of San Antonio, N.A.*, 748 S.W.2d 218, 220 (Tex. 1988). When an essential term is altogether missing from an attempted express trust, or is not at least reasonably certain, that term cannot be supplied by parol evidence, and the trust will fail. *Brelsford v. Scheltz*, 564 S.W.2d 404, 406 (Tex.Civ.App.-Houston [1st Dist.] 1978, writ ref'd n.r.e.). Parol evidence is admissible to establish which accounts are subject to a survivorship agreement. *See In re Estate of Dillard*, 98 S.W.3d 386, 396–97 (Tex.App.-Amarillo 2003, pet. denied).

Appellants argue that a property description in a trust must be identified with

as much certainty as is required in a deed of conveyance. *See Kurtz v. Robinson*, 279 S.W.2d 949, 952 (Tex.Civ.App.-Amarillo 1955, writ ref'd n.r.e.). In *Kurtz*, the trust described the property as the "Ft. Worth property, the Andrews land, and the home at Lubbock." The court held this property description was insufficient to create a trust. *Id.*

With respect to the sufficiency of a property description in a deed of conveyance, the supreme court has held that other information contained in a deed of trust, along with parol evidence may be considered. *Maupin v. Chaney*, 139 Tex. 426, 163 S.W.2d 380, 383–84 (1942). In *Maupin*, the deed of trust stated that the property described was the same property conveyed by two named grantors to two named grantees on April 18, 1929. *Id.* at 383. Parol evidence showed that the only deed involving those grantors and grantees was actually dated April 9, 1929. *Id.* The court held that if there appears in the instrument enough to enable one by pursuing an inquiry based upon the information contained in the deed to identify particular property to the exclusion of others, the description will be held sufficient. *Id.* The court repeated the general rule with respect to a description being adequate where it refers to another instrument that contains a proper description of the property. *Id.*

The trust signed by Beasley and the deceased instructs that all property be held jointly with full right of survivorship except for property held separately on their books and records. The trust provides, in pertinent part, as follows:

> Except as set [forth] below, all properties whether real or personal or mixed we now own or will own in our names individually or in the name of B & W Investments shall be held in Trust and owned jointly by Imogene Walker and Norma Lea Beasley with full rights of survivorship so that the survivor of us will own all of these properties purchased through our joint efforts on the death of the other.
>
> We place these properties in Trust due to varying legal problems such as restrictions on transfer of stock rights, legal problems in titles to real estate, and to insure that all properties purchased in our individual names are held for and owned for both parties.
>
> We include all real or personal or mixed properties such as land, buildings, houses, stock, other securities, insurance policies, art, coin collections, automobiles, our companies and other personal property with or without titles except that which we each maintain separately on our books and records such as the property Imogene Walker inherited or owns with her family solely and the property Norma Lea Beasley inherited or owns with her family solely.

The trust contains a property description. The property subject to the trust included all property held in the names of Beasley or the deceased individually or in the name of B & W Investments except for property they "maintain separately on our books and records." We conclude the property description is reasonably certain. As directed in the trust, Beasley turned to the records kept by her and the deceased to show what separate property the deceased owned and, therefore, not subject to the right of survivorship.

At the hearing on appellant's section 258 complaint, two witnesses testified, Beasley and David Hendricks, a certified public accountant and an attorney. Beasley testified that the deceased took care of all the financial statements and tax returns for them individually and their partnership. Hendricks testified that he had done work for Beasley since the death of Walker.

Hendricks reviewed the individual tax returns of the deceased and Beasley and the tax returns of their partnership. In doing this review, Hendricks was readily able to identify the properties and investments treated identically on both Beasley's and the deceased's tax returns. He could also identify their investments on the partnership's tax return. He testified that the only properties that the deceased showed on her individual tax returns that were separate from Beasley were the Florida properties that she owned with her sisters. Hendricks testified that from his review of financial records of Beasley, the deceased, and their partnership, he had no doubt as to which properties the deceased owned jointly with Beasley and which properties she owned separately.

Having reviewed the evidence presented at the hearing on appellants' section 258 complaint, we conclude the trial court did not abuse its discretion in finding that the amended inventory and appraisement was not erroneous. Accordingly, we overrule appellants' issue.

We affirm the trial court's order.