**Opinion filed July 26, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00239-CV

_____

## IN THE MATTER OF THE ESTATE OF
## ESTHER ABELL DENTON, DECEASED

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. P14779**

### M E M O R A N D U M   O P I N I O N

Appellant, Douglas A. Denton, appeals from the trial court's order closing the Estate of Esther Abell Denton, deceased, and discharging the administrator of the estate. The decedent was Appellant's mother. Appearing pro se, Appellant raises three issues on appeal. Appellant asserts in his first two issues that the trial court erred in the manner in which it handled his written complaint to the administrator's inventory, appraisement, and list of claims. In his third issue, he asserts that the trial court erred in closing the estate while the administrator still had possession of the estate's business records. We affirm.

*Background Facts*

This estate has been under dependent administration since 2006. This is the third appeal arising from the administration of the estate. *See In re Estate of Denton*, No. 11-10-00341-CV, 2012 WL 3063845 (Tex. App.—Eastland July 26, 2012, no pet.) (mem. op.); *In re Estate of Denton*, No. 11-14-00222-CV, 2014 WL 5823338 (Tex. App.—Eastland Nov. 6, 2014, no pet.) (mem. op.). A detailed account of the background facts pertaining to the estate can be found in our first opinion.

Bill Wiggins is the administrator of the estate. He is a resident of Colorado. In October 2015, the trial court approved Wiggins's account for final settlement and authorized distribution of the estate. In the trial court's written order approving the final settlement, the trial court found that the estate had been fully administered, and it directed that all property belonging to the estate be delivered to the persons entitled to it. The order also directed that, after the distribution of the estate to the heirs, Wiggins was to apply for an order of discharge and for a declaration that the estate is closed.

Wiggins subsequently filed an "Application to Close Estate and Discharge Administrator." He alleged in the motion that he had fully administered the estate in accordance with the trial court's previous orders. Appellant filed a written response to Wiggins's application to close the estate. Appellant generally asserted in the response that the estate should not be closed because Wiggins had not thoroughly investigated the property of the estate. Appellant also filed a written complaint to the inventory, appraisement, and list of claims filed by Wiggins.[1]

The trial court subsequently heard Wiggins's application to close the estate. Wiggins did not personally appear at the hearing, but he appeared through counsel.

---

[1]We note that the first appeal arising from the estate addressed Appellant's previously filed objection to the inventory.

Appellant appeared at the hearing and participated by presenting arguments to the trial court. In addition to asserting that the estate should not be closed, Appellant presented argument concerning the matters identified in his complaint to the inventory filed by Wiggins. Specifically, his complaint to the inventory asserted the omission of various overriding royalty interests and a life insurance policy. Appellant referenced these two matters in his arguments to the trial court. After hearing Appellant's arguments, the trial court did not order Wiggins to amend the inventory. Instead, the trial court found that the estate had been fully administered. At the conclusion of the hearing, the trial court entered an "Order Closing Estate and Discharging Administrator."

*Analysis*

In his first two issues, Appellant contends that the trial court erred "when it failed to cite Bill Wiggins to appear in court and show cause, failed to set or hold a hearing, failed to hear Bill Wiggins'[s] show cause testimony, and failed to rule on or to file an order" on Appellant's written complaint against the inventory. He contends that these alleged failures prevented him from presenting his case on appeal. Appellant also contends that the trial court erred by entering an order closing the estate without addressing Appellant's complaint to the inventory.

Appellant cites Section 309.102 and Section 309.103 of the Estates Code, which provide that an interested person may file a written complaint that property of the estate is missing from the inventory or that the inventory is erroneous. TEX. EST. CODE ANN. §§ 309.102–.103 (West 2014). Both of these statutes provide that, upon filing a complaint, the personal representative of the estate shall be cited to appear and show cause why the representative should not be required to make and file either an additional inventory or a corrected inventory. *Id.* §§ 309.102(a), .103(a).

Appellant contends that the trial court had the responsibility for issuing citation and setting a hearing under these provisions after Appellant filed his

complaint. We disagree. Under the Estates Code, the county clerk, rather than the trial court, has the responsibility for issuing all necessary citations, writs, or other processes in a probate matter. *Id.* § 51.001(c) (West 2014). The record does not show that Appellant requested the county clerk to issue a citation directed to Wiggins with respect to Appellant's complaint to the inventory.[2] Furthermore, the record does not show that Appellant requested the trial court to set a hearing on his complaint to the inventory. Generally, the movant has the burden to make a direct request to a trial judge for a hearing. *Enriquez v. Livingston*, 400 S.W.3d 610, 619–20 (Tex. App.—Austin 2013, pet. denied). This is because "motions are usually handled by the court clerk and are placed—physically or electronically—in the case file, meaning that a busy trial judge will, in all likelihood, not even be aware that the motion has been filed." *Id.*

Additionally, Appellant filed his complaint to the inventory after, and partially in response to, Wiggins's application to close the estate. The trial court heard both Appellant's arguments in support of his complaint and Wiggins's attorney's response to those arguments. Thus, the trial court held a hearing on Appellant's complaint to the inventory at the same time that it considered Wiggins's application to close the estate. Accordingly, we disagree with Appellant's contention that the trial court erred by entering its order to close the estate and discharge the administrator without resolving Appellant's complaint to the inventory.

The Estates Code requires a trial court to enter an order requiring the personal representative to amend or correct the inventory only "if the court is satisfied" that an amendment or correction is required. EST. §§ 309.102(b), .103(b). We conclude that the trial court implicitly rejected Appellant's complaint to the inventory when it

---

[2]An example of a citation issued by the county clerk is found at page 162 of the clerk's record. This citation requested by Wiggins's attorney notified Appellant of the filing of Wiggins's Account for Final Settlement and Distribution of Estate.

expressly found that Wiggins had fully administered the estate.[3]  Appellant's complaint to the inventory was therefore resolved, and the trial court did not err by proceeding to issue the order to close the estate and discharge the administrator.

Additionally, Appellant places a great deal of emphasis on Wiggins not physically appearing before the trial court for an examination by Appellant.  As noted previously, Wiggins appeared at the hearing through his attorney.  "Any party to a suit may appear and prosecute or defend his rights therein, either in person *or by an attorney . . . .*"  TEX. R. CIV. P. 7 (emphasis added).  Rule 181 provides that "[e]ither party to a suit may examine the opposing party as a witness, and shall have the same process to compel his attendance as in the case of any other witness."  TEX. R. CIV. P. 181.  The record does not show any process utilized by Appellant to obtain Wiggins's testimony for use at trial.  We overrule Appellant's first and second issues.

In his third issue, Appellant contends that the trial court erred when it issued an order to close the estate before Appellant received the estate's business records.  Section 351.102(b) of the Estates Code provides that the administrator "shall deliver the property, books, and papers" "when . . . the administration of the estate is closed."  EST. § 351.102(b).  The statute specifies that delivery of the records must occur *when* the estate is closed, not *before*.  Accordingly, we disagree with Appellant's contention that delivery of the Estate's business records was a prerequisite to closing the estate.  Additionally, Wiggins's attorney represented to the trial court that, "when the estate is closed," Wiggins would provide the records to Appellant or to "whoever is entitled [to them]."

---

[3]We noted in the first appeal that most decisions by the trial court in probate matters are reviewed for an abuse of discretion, including a ruling on a request to correct an inventory.  2012 WL 3063845, at *4 (citing *In re Estate of Walker*, 250 S.W.3d 212, 214 (Tex. App.—Dallas 2008, pet. denied)).

Appellant also complains that Wiggins did not deliver the estate records after the entry of the order closing the estate. As noted by Wiggins, however, the pendency of this appeal has delayed the closing of the estate. We overrule Appellant's third issue.

*This Court's Ruling*

We affirm the trial court's Order Closing Estate and Discharging Administrator.

JOHN M. BAILEY
JUSTICE

July 26, 2018

Panel consists of: Bailey, J.,
Wright, S.C.J.,[4] and Dauphinot, S.J.[5]

Willson, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

[5]Lee Ann Dauphinot, Retired Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.