Nelda GARZA and David
Martinez, Appellants

v.

Janice Pouncy SLAUGHTER, Appellee.

No. 14–09–00506–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 21, 2010.

Rehearing Overruled Feb. 3, 2011.

Patrick D. Mahoney, Houston, TX, for Appellants.

Janice Pouncy Slaughter, Houston, TX, for Appellee.

Panel consists of Justices ANDERSON, FROST, and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

Appellants, Nelda Garza and David Martinez, appeal from the judgment below, contending that the trial court erred in its disposition of attorney ad litem fees. We modify the trial court's judgment and affirm the judgment as modified.

## I. BACKGROUND

In 2001, appellee, Janice Pouncy Slaughter, inherited certain real estate. She filed suit to quiet title, claiming appellants held deeds to the property that were void. Appellants were served by publication, and the trial court appointed Patrick D. Mahoney as appellants' attorney ad litem. *See* Tex. R. Civ. P. 244 (requiring court to appoint attorney ad litem on behalf of defendants when service is by publication). The trial court's appointment order contained the following language: "The fees and expenses of the attorney ad litem shall be paid by the plaintiff and taxed as costs in this case."

Slaughter and Mahoney met to discuss the case, at which time Mahoney demanded Slaughter advance $5000 for ad litem services. Slaughter filed a motion requesting that Mahoney be dismissed and an affidavit of indigency.[1] Appellants filed a motion for costs in which they requested that the court (1) order Slaughter to deposit funds into the court's registry to cover Mahoney's fees, (2) grant Mahoney a lien on the property, or (3) dismiss Mahoney as attorney ad litem. The court signed an order denying Slaughter's motion and directing her to make periodic payments into the court's registry "to secure payment for Ad Litem's fees at the conclusion of this lawsuit."

Following a bench trial,[2] the court signed a final judgment in which it voided appellants' deeds and determined that $7500 was the amount of reasonable and necessary attorney's fees for Mahoney's services. The court did not order any party to pay these fees and did not assess costs against any party. Appellants filed motions requesting that the court increase its determination of reasonable ad litem fees to $11,454.91 and assess the fees as costs to be paid by Slaughter. Subsequently, the court signed an amended final judgment in which it assessed $7500 in

---

1. Slaughter filed her affidavit of indigency during the course of litigation when service was required under Texas Rule of Civil Procedure 21. *See* Tex.R. Civ. P. 21, 21 a; *see also Baughman v. Baughman,* 65 S.W.3d 309, 312 (Tex.App.-Waco 2001, pet. denied). The affidavit does not contain a certificate of service, nor does anything in the record indicate that the affidavit was served on appellants. Furthermore, there were no hearings or rulings regarding Slaughter's indigency. Therefore, we do not presume the affidavit was served and disregard it for purposes of this appeal.

2. In the time between the trial court's signing the order requiring Slaughter to make deposits into the registry and trial, a new judge was elected to the 125th District Court.

attorney ad litem fees as costs but did not specify which party was responsible for paying costs. The court also signed an order permitting Slaughter to withdraw the money she deposited in the court's registry. This appeal ensued.

## II. ANALYSIS

In their first issue, appellants contend the evidence is legally and factually insufficient to support the court's determination of $7500 as reasonable attorney ad litem fees. In their second issue, appellants contend the trial court erred by failing to require Slaughter to pay Mahoney's ad litem fees. Appellants also request that this court award appellate ad litem fees.

In her brief, Slaughter argues, among other things, that the trial court erred by ordering her to deposit money into the registry of the court as ad litem fees and by denying her affidavit of indigency. She contends the trial court should have dismissed Mahoney as appellants' attorney ad litem. Appellants argue that we should not consider these issues because Slaughter did not timely file a notice of appeal. *See* Tex.R.App. P. 25.1(c) (providing that a party may not seek more favorable relief on appeal without perfecting an appeal). We agree. To the extent Slaughter requests more favorable relief than the trial court awarded, we dismiss her issues. *See* Tex.R.App. P. 42.3.

## A. Amount of Attorney's Fees

We begin with appellants' contention that the evidence is legally and factually insufficient to support the trial court's finding of $7500 in reasonable attorney's fees. Appellants filed a motion for new trial in which they argued, "The trial court erred in awarding $7,500 as the attorney ad litem fee because Plaintiff did not object to the evidence or offer any rebuttal evidence." According to appellants, there

is competent, uncontroverted evidence supporting a finding of $11,167.91. We conclude that the trial court did not err in assessing attorney's fees in the amount of $7500.

When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex.2005). We must credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *See id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *See id.* The fact finder is the only judge of witness credibility and the weight to give to testimony. *See id.* at 819.

When reviewing a challenge to the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). After considering and weighing all the evidence, we set aside the fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *GTE Mobilnet of S. Tex. v. Pascouet*, 61 S.W.3d 599, 615–16 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

The amount of compensation awarded to an attorney ad litem lies within the sound discretion of the trial court, and a reviewing court will not overturn a fee award absent evidence showing a clear abuse of discretion. *See Johnson v. Evans*, No. 14–08–00610–CV, 2010 WL 431293, at *6 (Tex.App.-Houston [14th Dist.] Feb. 9, 2010, no pet.) (mem. op.). A

trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles of law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). In making a fee award, a trial court may consider, among other things, (1) the time and labor involved, (2) the nature and complexity of the case, (3) the amount of money or value of the property or interest involved, (4) the extent of the responsibilities assumed by the attorney, (5) whether the attorney lost other employment because of the undertaking, (6) the benefits resulting to the client from the services, (7) the contingency or certainty of compensation, and (8) whether employment is casual or for an established or constant client. *Alford v. Whaley*, 794 S.W.2d 920, 925 (Tex.App.-Houston [1st Dist.] 1990, no writ).

█ Appellants argue that the trial court erred in determining that the reasonable amount of attorney's fees was less than $11,167.91 because Mahoney provided uncontroverted testimony supporting this amount. It is well settled that attorney's fees are conclusively proved when the supporting evidence is clear, direct, positive, and without contradiction from another witness *or attendant circumstances*, and such evidence could have easily been controverted. *See Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547–48 (Tex. 2009) (quoting *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990)). Considering all the evidence, we conclude there were attendant circumstances weighing against a determination that $11,167.91 was appellants' reasonable and necessary attorney's fees.

When describing his firm's work on this case, Mahoney testified he performed a diligent search for appellants and explained, "We were prepared to go to trial last fall and have been reset several times.

I have enumerated the hours. I have visited the property. I've met with Ms. Slaughter on numerous occasions. She sent us discovery, which we responded to and we have helped her get it coordinated for trial." Nevertheless, the legal issues presented to appellants' counsel were not complex: the entire case centered on whether a single signature was authentic. At trial, appellants subjected Slaughter's witnesses to limited cross-examination and presented no evidence except for Mahoney's testimony regarding attorney's fees. Moreover, appellants filed an attorney's fees affidavit to which Mahoney's itemized billings records were attached. The affidavit was not admitted as an exhibit at trial, but the reporter's record indicates Mahoney handed a copy of the affidavit to the trial court prior to his testimony regarding attorney's fees, he referenced the affidavit during his testimony, and the trial court stated in its final judgment that it examined the file [and] took judicial notice of the usual and customary attorney fees. . . .? The trial court had discretion to find that the amounts incurred by appellant's counsel were unnecessary or excessive in light of the simplicity of the issues involved and the results obtained. *See Alford*, 794 S.W.2d at 925; *see also Lacy v. First Nat. Bank of Livingston, Tex.*, 809 S.W.2d 362, 367 (Tex.App.-Beaumont 1991, no writ) (The trial court may observe the efforts and work of the lawyers in front of it.?). Accordingly, we hold that the evidence is legally and factually sufficient to support the trial court's determination that $7500 in attorney's fees was reasonable and necessary. We overrule appellants' first issue.

## B. Assessment of Ad Litem Fees

█ In their second issue, appellants contend the trial court erred by refusing to assess attorney ad litem's fees as costs to

be paid by Slaughter. We review the trial court's assessment of costs for an abuse of discretion. *See Mitchell v. Bank of Am., N.A.,* 156 S.W.3d 622, 630 (Tex.App.-Dallas 2004, pet. denied). We may reverse a trial court for abuse of discretion only if, after searching the record, it is clear the court's decision was arbitrary and unreasonable. *City of Houston v. Woods,* 138 S.W.3d 574, 580 (Tex.App.-Houston [14th Dist.] 2004, no pet.).

Texas Rule of Civil Procedure 131 provides that "[t]he *successful party* to a suit shall recover of his adversary *all costs* incurred therein, *except where otherwise provided.*" Tex. R. Civ. P. 131 (emphasis added). Texas Rule of Civil Procedure 141 permits a trial court, for good cause stated on the record, to "adjudge the costs otherwise than as provided by law or [the Rules of Civil Procedure]." Tex. R. Civ. P. 141. Thus, it is the trial court's responsibility to state on the record good cause for taxing court costs against the successful party. *Roberts v. Williamson,* 111 S.W.3d 113, 124 (Tex.2003).

Rule 244 requires a trial court to appoint an attorney ad litem to represent a defendant who has not appeared after being served by publication and to "allow such attorney a reasonable fee for his services, to be taxed as part of the costs." Tex.R. Civ. P. 244. In 1942, the supreme court expressed,

> The fee allowed for representing ... a
> defendant whose place of residence is unknown, cited by publication, should ... be taxed against the successful plaintiff, since no personal judgment can be rendered against the defendant for costs.... [N]o part of the fee should be taxed against the other defendant or defendants unless facts or circumstances are shown by the record from which it clearly appears that he or they should,

in fairness, be required to pay part of all of the fee.

*Bruni v. Vidaurri,* 140 Tex. 138, 165–65, 166 S.W.2d 81, 96 (1942). The supreme court later expressed its disapproval of a court of appeals's refusal to award appellate fees to an attorney ad litem as follows:

> An attorney ad litem cannot as a practical matter recover his fees from his unknown clients. Our rules of civil and appellate practice therefore should be read to provide a reasonable fee and source of payment for the necessary efforts of an attorney ad litem.... Forcing attorneys to accept court appointment for a contingent representation ... would surely frustrate the effective representation of unknown parties. On the other hand, sound policy considerations justify shifting the costs to the known parties. For example, a plaintiff utilizing service of citation by publication over unknown defendants cannot prosecute his or her lawsuit until the court appoints an attorney ad litem for the unknown parties.

*Rhodes v. Cahill,* 802 S.W.2d 643, 646–47 (Tex.1990). In *Cahill v. Lyda,* the supreme court applied *Rhodes* when it reversed a portion of a judgment from the court of appeals in which it refused to award ad litem appellate attorney's fees and remanded the case to the trial court to determine the amount of appellate fees "to be taxed as costs and paid from the proceeds awarded to [all the parties.]" 826 S.W.2d 932, 933 (Tex.1992) (per curiam).

In the present case, Mahoney represented appellants with the assumption that Slaughter would be responsible for his fees. When the trial court appointed Mahoney, another order was signed directing Slaughter to deposit funds into the court's registry for payment of Slaughter's ad litem fees at the conclusion of this litigation. Pursuant to the order, Slaughter was re-

quired to deposit $50 per month into the court's registry for this purpose.[3] Accordingly, after the trial court signed its original final judgment, this case was in the following posture:

- appellants' location was unknown, and they were presumably unaware of the proceedings;
- the trial court ruled that Slaughter was responsible for ad litem fees;
- Slaughter deposited approximately $800 into the court's registry; and
- under the original final judgment, encumbrances were removed from Slaughter's property, but ad litem fees were not assessed as costs, and there was no directive regarding party responsibility for payment of ad litem fees.

Appellants filed a motion to modify the judgment and an amended motion for new trial, requesting that the trial court assess ad litem fees as costs to be paid by Slaughter. Slaughter responded, arguing that (1) Rule 131 prohibits assessment of costs against a prevailing party absent good cause stated on the record pursuant to Rule 141, (2) no good cause existed, (3) Mahoney enlarged his fees by intentionally over-preparing, and (4) Slaughter never agreed, at any point, to pay the ad litem fees. Slaughter did not request that the trial court vacate its previous orders requiring her to pay ad litem fees.

█ Under the unusual circumstances of this case, we conclude that the trial court abused its discretion by refusing to order Slaughter to pay ad litem fees. Ma-

honey relied on the trial court's previous orders indicating that Slaughter would pay for his services, and the trial court acted capriciously by disregarding those orders and leaving Mahoney with an uncollectible bill. *See Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex.1996) (holding that trial court's decision to disregard its own order "was arbitrary and capricious and therefore an abuse of discretion"). Slaughter argues that ad litem fees should not be assessed against her because the trial court did not state good cause on the record for doing so. *See* Tex.R. Civ. P. 141. This is, *of course*, true because the trial court did not assess the ad litem fees against Slaughter. However, under this record, there is good cause to assess fees against Slaughter. In *Rhodes*, the supreme court expounded in judicial dictum, " '[G]ood cause' for assessing [attorney's fees] against successful parties under [Rule] 141" ordinarily exists where an ad litem is appointed to represent an unknown defendant pursuant to Rule 244. *See Rhodes*, 802 S.W.2d 643, 647.[4] Additionally, the trial court remedied any over-preparation or over-charges by determining that the reasonable amount of attorney's fees was several thousand dollars less than Mahoney requested.

Slaughter contends it is inequitable to require her to pay ad litem fees because she will be a "victim" twice: first, by the necessity of suing appellants because of their fraudulent conveyance; second, by the court compelling her to pay appellants' attorney's fees. Slaughter argues that

---

3. Slaughter was ordered in January 2008 to begin depositing $50 into the court's registry on the 15th day of each month. At the March 12, 2009 trial, she testified that she had deposited $50 into the registry since November 2007. Thus, approximately $800 had been deposited.

4. The *Rhodes* court's statements on the subject of fees for attorneys ad litem is precedential judicial dicta, as opposed to obiter dicta, because it was "made very deliberately after mature consideration and for future guidance in the conduct of litigation." *Edwards v. Kaye*, 9 S.W.3d 310, 314 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).

during 2004, the Court Rules Committee of the Texas State Bar proposed an amendment to Rule 244 to "[l]essen the inequity of a successful plaintiff having to pay fees of an attorney ad litem appointed to represent a defendant served by publication...." *See 2003–2004 State Bar of Texas Committee Reports*, 67 Tex. B.J. 556, 560 (2004). The committee's proposed amendment six years ago has not been implemented by the supreme court. Although we appreciate Slaughter's predicament, a rule protecting successful plaintiffs from liability for ad litem fees would deter attorneys ad litem from providing meaningful representation. Current law reflects the importance of encouraging attorneys ad litem to represent their unknown clients with zeal. Moreover, parties in Slaughter's position are not helpless financiers of the ad litem's services; they may present evidence attacking the reasonableness of the ad litem's requested services and fees. An ad litem is not entitled to recover for services that were not necessary and charges that were not reasonable. Accordingly, we sustain appellant's second issue.

### C. Ad Litem Fees for Present Appeal

Finally, appellants request attorney's fees for the present appeal. To be entitled to appellate attorney's fees, the ad litem must represent the interests of his client on appeal—not solely his own interests. *See Harris County Children's Protective Servs. v. Olvera*, 77 S.W.3d 336, 342 (Tex. App.-Houston [14th Dist.] 2002, no pet.).

Slaughter argues that Mahoney is not entitled to appellate ad litem fees because he does not represent his client's interests on appeal. Mahoney responds that this appeal concerns appellants' interests because (1) they will be responsible for paying the difference between the amount of reasonable attorney's fees found by the trial court and the amount actually incurred by Mahoney and (2) he is seeking assessment of ad litem fees against Slaughter instead of appellants. Mahoney cites no source supporting his contention that appellants (who had no contract with Mahoney or input relative to services he rendered) will be responsible for paying the $7500 in ad litem fees determined by the trial court and taxed as costs or the difference between the $7500 assessed and the $11,454.91 Mahoney requested should they ever be located. Mahoney's efforts on appeal to increase the amount of attorney's fees and to persuade this court to assess fees as costs to be paid by Slaughter do not constitute representation of appellants' interests. In addition, in its judgment, the trial court did not tax any costs against appellants. Accordingly, we deny Mahoney's request for appellate attorney ad litem fees.

### III. CONCLUSION

We modify the trial court's judgment to reflect that Slaughter must pay $7500 ad litem's fees assessed as costs, and affirm the judgment as modified.