**Opinion issued May 7, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00471-CV

————————————

**PATRICK D. MAHONEY, Appellant**

**V.**

**JANICE POUNCY SLAUGHTER AND SAMORI DIALLO, Appellees**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-30537**

---

## MEMORANDUM OPINION

Appellant, Patrick Mahoney, appeals the trial court's order granting summary judgment in favor of appellees, Janice Pouncy Slaughter and Samori Diallo, on Mahoney's suit brought under the Texas Uniform Fraudulent Transfer

Act ("TUFTA" or "the Act").[1]  In his sole issue, Mahoney contends that the trial court erred in granting appellees summary judgment and denying him summary judgment because he raised a genuine issue of material fact regarding whether he is a judgment creditor under TUFTA, and he conclusively proved all of the elements of his fraudulent transfer claim.  Appellees seek an award of attorney's fees and sanctions against Mahoney for filing a frivolous appeal.  We deny the request for attorney's fees and sanctions and affirm the trial court's judgment.

## Background

On November 8, 2006, Slaughter filed suit to quiet title to real property located at 3605 McGowen Street, in Houston, Texas ("McGowen property"). Following service by publication, the trial court appointed Mahoney as the attorney ad litem for the absent defendants.[2]  The appointment order contained the following language: "The fees and expenses of the attorney ad litem shall be paid by the plaintiff and taxed as costs in this case."  On January 29, 2008, the trial court granted Mahoney's motion for costs and ordered Slaughter to deposit $50 per

---

[1]     *See* TEX. BUS. & COMM. CODE ANN. §§ 24.001–.013 (West 2015).

[2]     *See* TEX. R. CIV. P. 244 (requiring court to appoint attorney ad litem on behalf of defendants when service is by publication).

2

month into the registry of the court during the pendency of the suit to secure payment of the ad litem fees.[3]

Following a bench trial, the court signed a final judgment on April 13, 2009, in which it voided the defendants' deeds to the McGowen property and determined Mahoney's reasonable and necessary attorney's fees to be $7,500. The judgment, however, did not order any party to pay these fees and did not assess costs against any party. The defendants filed motions requesting that the court increase its determination of reasonable attorney ad litem fees and assess the fees as costs to be paid by Slaughter. On May 28, 2009, the trial court entered an amended final judgment in which it assessed $7,500 in attorney ad litem fees "to be taxed as costs" but did not specify which party was to pay them. The trial court subsequently signed an order permitting Slaughter to withdraw the money she had deposited in the court's registry.

On April 17, 2009, Slaughter executed a general warranty deed conveying the McGowen property to Diallo, her grandson. The deed was recorded on June 15, 2009.

Mahoney subsequently appealed from the amended final judgment, contending that the evidence was insufficient to support the trial court's determination of $7,500 as reasonable attorney ad litem fees and that the court

---

[3] The order also denied Slaughter's motion requesting that Mahoney be dismissed as attorney ad litem in the case.

erred by refusing to assess attorney ad litem fees as costs to be paid by Slaughter.

On April 15, 2011, the Fourteenth Court of Appeals issued a judgment reforming the trial court's amended final judgment and ordering Slaughter to pay "the $7,500 in ad litem's fees assessed as costs," and affirmed the judgment as modified.[4]

On May 20, 2011, Mahoney filed suit against Slaughter alleging that she fraudulently transferred the McGowen property to Diallo and conspired with Diallo and her son, Wayne Slaughter, Jr., to defraud Mahoney, in violation of TUFTA. On February 27, 2013, Slaughter deposited in the registry of the court the $7,500 that had been assessed as costs in the underlying suit. The receipt issued to Slaughter reflects that the $7,500 was a "payment per court order."

The parties thereafter filed cross-motions for summary judgment: Mahoney asserted that Slaughter fraudulently transferred the McGowen property to Diallo, and appellees argued that Mahoney was not a creditor under TUFTA. On May 13, 2014, the trial court granted appellees' summary judgment motion. This appeal ensued.

## Standard of Review

We review a trial court's decision to grant or to deny a motion for summary judgment de novo. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192, 199 (Tex. 2007) (citing rule for review of grant of summary

---

[4] *Garza v. Slaughter*, 331 S.W.3d 43, 49 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

4

judgment and reviewing denied cross-motion for summary judgment under same standard). Although a denial of summary judgment is not normally reviewable, we may review such a denial when both parties move for summary judgment and the trial court grants one motion and denies the other. *Id.* at 192. When the trial court's ruling granting one summary judgment motion necessarily denies another pending summary judgment motion on the same issue, such as here, we imply the ruling of denial. *See Frank's Int'l, Inc. v. Smith Int'l, Inc.*, 249 S.W.3d 557, 559 n.2 (Tex. App.—Houston [1st Dist.] 2008, no pet.). In our review of such cross-motions, we review the summary judgment evidence presented by each party, determine all questions presented, and render the judgment that the trial court should have rendered. *Tex. Mun. Power Agency*, 253 S.W.3d at 192 (citing *Comm'rs Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997)). If we determine that a fact issue precludes summary judgment for either party, we remand the cause for trial. *See Univ. of Tex. Health Sci. Ctr. at Houston v. Big Train Carpet of El Campo, Inc.*, 739 S.W.2d 792, 792 (Tex. 1987) (per curiam).

To prevail on a summary judgment motion, a movant has the burden of proving that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a plaintiff moves for summary judgment on its claim, it must establish its right to summary judgment by conclusively proving all the

5

elements of its cause of action as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Anglo-Dutch Petroleum Int'l, Inc. v. Haskell*, 193 S.W.3d 87, 95 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A defendant moving for summary judgment must either disprove at least one element of each of the plaintiff's causes of action, or plead and conclusively establish each essential element of its affirmative defense, thereby rebutting the plaintiff's causes of action. *Cathey*, 900 S.W.2d at 341; *Rangel v. Lapin*, 177 S.W.3d 17, 20 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When deciding whether there is a disputed, material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in its favor. *Id.* at 549.

## Discussion

### A. Fraudulent Transfer Claim

On appeal, Mahoney contends that the trial court erred in granting appellees' motion for summary judgment because Mahoney presented evidence raising a genuine issue of material fact regarding whether he is Slaughter's creditor under TUFTA. He also argues that the trial court erred in denying his summary judgment motion because he conclusively proved all of the elements of his fraudulent transfer claim as a matter of law.

6

The purpose of TUFTA is to prevent debtors from defrauding creditors by placing assets beyond their reach. *Corpus v. Arriaga*, 294 S.W.3d 629, 634 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601, 607 (Tex. App.—Houston [1st Dist.] 2002, no pet.). TUFTA creates a statutory cause of action through which a creditor may seek recourse against a fraudulent conveyance.[5] *See* TEX. BUS. & COMM. CODE ANN. §§ 24.001–.013 (West 2015); *Connell v. Connell*, 889 S.W.2d 534, 542 (Tex. App.—San Antonio 1994, writ denied). Under TUFTA, a "debtor" is a

---

[5]    Section 24.005(a) of the Act provides:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

      (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

      (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

TEX. BUS. & COMM. CODE ANN. § 24.005 (West 2015).

person who is liable on a claim. TEX. BUS. & COMM. CODE ANN. § 24.002(6) (West 2015). A "creditor" is a person who has a claim. *Id.* § 24.002(4) (West 2015). A "claim" means a right to payment or property, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. *Id.* § 24.002(3) (West 2015).

In their summary judgment motion, appellees argued that Mahoney did not have a claim against Slaughter at any time; in other words, no debtor-creditor relationship existed between them. Similarly, in their response to Mahoney's summary judgment motion, appellees contended that Slaughter was not a debtor and Mahoney was not a creditor under TUFTA. As evidentiary support for their summary judgment motion and response to Mahoney's motion, appellees relied on, among other things, the trial court's order granting Mahoney's motion for costs, the trial court's amended final judgment, and the Fourteenth Court's judgment and mandate.

In its order granting Mahoney's motion for costs, the trial court ordered Slaughter to deposit $50 per month into the court's registry during the pendency of the underlying suit to secure payment of the ad litem's fees. In its May 28, 2009 amended final judgment, the trial court "determined [Mahoney's] reasonable and necessary attorney fees to be $7,500 to be taxed as costs" and marked through the

8

proposed language stating "[t]he costs are to be taxed against Plaintiff." The Fourteenth Court's judgment reformed the trial court's amended judgment and ordered Slaughter "to pay the $7500 in ad litem's fees assessed as costs." Thus, although it is clear that Slaughter was required to pay the ad litem fees assessed as costs, there is nothing in the summary judgment record reflecting that Slaughter was ever ordered to pay any sum of money to Mahoney. Under these circumstances, Slaughter was not a debtor as defined by TUFTA, and Mahoney was not a creditor as to Slaughter. *See Beal Bank v. Gilbert*, 417 S.W.3d 704, 711 (Tex. App.—Dallas 2013, no pet.) (concluding where bank obtained judgment against husband only and did not have right to payment from wife's separate property or sole management community property, wife was not debtor and bank was not creditor as defined under TUFTA).

Moreover, it is undisputed that Slaughter fully complied with the order to pay the ad litem fees assessed as costs. On February 27, 2013, Slaughter deposited $7,500 with the Harris County Clerk's Office, and the receipt issued to her reflects that $7,500 was a "payment per court order." Appellees assert—and Mahoney does not dispute—that those funds remain in an account in the District Clerk's office awaiting the court's distribution.

Because no debtor-credit relationship existed between Slaughter and Mahoney, we conclude that the trial court properly granted summary judgment in

9

favor of appellees and denied summary judgment to Mahoney on his fraudulent transfer claim brought under TUFTA. We overrule Mahoney's issue.

## B. Appellees' Request for Damages

Appellees seek an award of attorney's fees and sanctions against Mahoney for filing a frivolous appeal. Under Rule of Appellate Procedure 45, we may award "just damages" to a prevailing party in an appeal if we determine it is frivolous after considering the record, briefs, or other papers filed. *See* TEX. R. APP. P. 45; *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Recovery is authorized if an appeal is objectively frivolous and injures an appellee. *In re A.W.P.*, 200 S.W.3d 242, 245 (Tex. App.—Dallas 2006, no pet.). An appeal is frivolous if when it is brought there were no reasonable grounds to believe the judgment would be reversed or when it is pursued in bad faith. *Id.* On review of the record and briefs, we deny appellees' request for attorney's fees and sanctions.

## Conclusion

We deny the request for attorney's fees and sanctions on appeal and affirm the trial court's judgment.

10

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.